BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-MC-00109-TLN-AC |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $4,400.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about November 22, 2014, the U.S. Forest Service ("USFS") seized Approximately $4,400.00 in U.S. Currency (the "defendant currency") from a purse belonging to Renee Cox ("Cox") during a vehicle stop in Trinity County, California.

2. The Federal Bureau of Investigation ("FBI") commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about July 1, 2015, the FBI received a claim from Cox asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on November 22, 2014, officers with the USFS initiated a traffic stop on a vehicle in which Cox was a passenger. The vehicle was pulled over in the Shasta Trinity National Forest for having for an obstructed rear license

plate in violation of the California Vehicle Code.

4. The United States could further show at trial that during the traffic stop, officers discovered that the clothing worn by both Cox and the driver was covered in marijuana shake. Based on a probable cause search of the car, the officers used a drug detection dog to sniff the vehicle and he positively alerted to the passenger door and passenger door handle where officers found a large manicured marijuana bud that weighed approximately 34 grams. Officers asked both occupants of the vehicle if they had any currency in the vehicle and the driver stated that there was cash in Cox's purse. The officers found the defendant currency in Cox's purse and it consisted of a large stack of twenty dollar bills. Cox and the driver of the vehicle admitted that were trimming marijuana at a nearby marijuana grow and the cash was payment for the trimming.

5. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

6. Without admitting the truth of the factual assertions contained in this stipulation, Renee Cox specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Cox agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Cox hereby acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Cox shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and

between the parties.

11.     Upon entry of the Consent Judgment of Forfeiture, $2,200.00 of the Approximately $4,400.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12.     Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $2,200.00 of the Approximately $4,400.00 in U.S. Currency shall be returned to potential claimant Renee Cox.

13.     The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Renee Cox waives the provisions of California Civil Code § 1542.

14.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

15.     All parties will bear their own costs and attorney's fees.

16.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:  October 16, 2015

_____
Troy L. Nunley
United States District Judge